# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **ANTHONY C. MARTIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:09-CV-48** |
| | ) | |
| **FORT WAYNE POLICE** | ) | |
| **DEPARTMENT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>OPINION AND ORDER</u>

Before the Court is a Motion for Reconsideration of Appointment of Counsel (Docket #

31) filed by *pro se* Plaintiff Anthony Martin.  The Plaintiff originally filed a Motion for

Appointment of Counsel on April 23, 2009 (Docket #13), which was denied on May 15, 2009.

(Docket #16.)  At the outset, it is clear that the Court is not obligated to reconsider Martin's

motion. *See Pruitt v. Mote*, 503 F3d 647, 656 (7th Cir. 2007) (Court not obligated to reconsider

earlier denial of appointment of counsel for litigant proceeding *pro se* under 42 U.S.C. § 1983).

Nevertheless, because Martin does not point to any manifest errors of law or raise any new

evidence, his motion for reconsideration is denied.

A motion for reconsideration performs a valuable, but limited, function: "to correct

manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De*

*Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996); *Bank of Waunakee v.*

*Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a

motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be

equally rare").  A motion for reconsideration cannot "be employed as a vehicle to introduce new

evidence that could have been adduced during the pendency of the . . . motion." *Caisse*

*Nationale*, 90 F.3d at 1269-70.  "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.*

In his motion, Martin does not present any new evidence in support of his request for counsel, nor does he suggest that the Court committed any manifest legal errors.  Indeed, Martin's current motion—where he cites case law and the Federal Rules of Civil Procedure—further demonstrates that Martin is competent to prosecute his claim and supports the Court's determination not to appoint counsel.  Although Martin maintains that he is receiving mental health treatment, he does not recite any specifics and offers no suggestion concerning how this fact may affect his case.  Indeed, the Court has not observed anything in either Martin's filings or court appearances that indicate that he is unable to adequately represent himself.  Therefore, Plaintiff's Motion for Reconsideration of Appointment of Counsel (Docket # 31) is DENIED.

SO ORDERED.

Enter for September 29, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge