UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY C. MARTIN, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )    CAUSE NO. 1:09-CV-00048 |
| | ) |
| FORT WAYNE POLICE DEPARTMENT, | ) |
| OFFICER GEORGE NICKLOW, et al., | ) |
| | ) |
|     **Defendants.** | ) |

## OPINION AND ORDER

Before the Court in this § 1983 civil rights case is a filing by *pro se* Plaintiff Anthony C. Martin that the Court has deemed to be a motion to compel, requesting that the Court order Defendants to more fully respond to his Second Request for Production of Documents B, C, and E. (Docket # 50, 52.) In response (Docket # 53), Defendants reiterate their objections as originally set forth in their Response to Plaintiff's Second Request for Production of Documents (Docket # 49). Martin replied on January 27, 2010 (Docket # 54), and thus the matter is now fully briefed. For the following reasons, Martin's motion to compel will be DENIED IN PART and GRANTED IN PART.

Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense . . . ." For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. Daimler Chrysler*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the

requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id*.

Request B. Martin's Request B reads as follows: "Provide all databases, networks, INCI, or information references that the [FWPD] uses on a day to day bas[i]s if required[,] what officers are restricted, or who has access." Defendants objected to this request on the grounds that it is unintelligible, overly broad, and seeks confidential information that is irrelevant. Martin asserts that this information "may reveal the remaining officers that still hold themselves anonymous at this time"; "can be used as a tool to breach a citizen['s] privacy"; and may reveal whether an officer is biased. (Pl.'s Mot. 2.)

Martin's request, to the extent it is understandable, is overly broad and not calculated to lead to the discovery of admissible evidence. There are no longer any "unknown" Defendants in this case, and the deadline to name additional defendants has passed. (*See* Docket # 18.) This case involves rather straightforward claims of excessive force and unlawful search arising from Martin's arrest, and therefore, the relevancy of FWPD's confidential computer information or how it would lead to other admissible evidence is not readily apparent. Furthermore, any relevancy of this information is outweighed by the potential harm and burden to Defendants in disclosing this confidential information. Therefore, Martin's motion to compel with respect to this evidence is DENIED.

Request C. Martin's Request C states: "Provide all the information obtaining [sic] to the Departments Internal Affairs, Dept. Union, [o]r the City's independent contractors communications log, how data is collected[,] transferred or stored, and policies, time frames, or time limits on destruction of said forth documents." Defendants contend that this is request is

2

unintelligible, overly broad, and seeks confidential information that is irrelevant. Martin again asserts that this information will identify "anonymous officers" and FWPD's desire to cover up their "wrong doings". (Pl.'s Mot. 2.)

Like Request B, Martin's Request C is overly broad and not calculated to lead to the discovery of admissible evidence. As explained above, there are no "unknown" Defendants remaining in this case, and the deadline for Martin to amend his complaint has passed. Furthermore, Defendants already provided the Daily Activity Reports for Officers George Nicklow and Ben Springer to Martin in response to his Request D. Therefore, the relevancy, if any, of FWPD's entire "communications log" and policies related thereto is outweighed by the potential harm and burden to Defendants. Martin's motion to compel with respect to Request C is DENIED.

Request E. Martin's Request E reads: "Provide all records, complaints, write ups, or grievances[] ever filed against the mentioned officers on the case prior to or since . . . 2/12/09." Defendants objected to this request on "privacy principles" and state that it is neither relevant nor calculated to lead to the discovery of admissible evidence. Martin argues that he should have the right to discover whether the Defendant officers have committed similar violations in the past.

Martin's argument with respect to Request E is more persuasive. "Numerous courts have held that the . . . complaint histories of defendant officers are relevant in [§] 1983 actions involving police misconduct . . . ." *Vodak v. City of Chicago*, No. 03 C 2463, 2004 WL 1381043, at *5 (N.D. Ill. May 10, 2004); *see, e.g., Bond v. Utreras*, No. 04 C 2617, 2006 WL 695447, at *3-4 (N.D. Ill. Mar. 10, 2006); *Leplianka v. Vill. of Franklin Park*, No. 03 C 2991, 2004 WL

3

626830, at *1 (N.D. Ill. Mar. 26, 2004).  This information is particularly relevant where, like here, a plaintiff seeks punitive damages. *See Scaife v. Boenne*, 191 F.R.D. 590, 595 (N.D. Ind. 2000) (explaining that past complaint records of defendant officers may be relevant in a § 1983 excessive force claim where the plaintiff names a municipality as a defendant or where he seeks punitive damages).  Therefore, Martin's motion to compel with respect to Request E is GRANTED.  However, to mitigate Defendants' privacy concerns, Defendants are directed to redact irrelevant, personal information contained in these documents, such as home addresses, telephone numbers, social security numbers, insurance and benefit information, or family member information, prior to disclosing them to Martin. *See Bond*, 2006 WL 695447, at *3-4.

Therefore, Plaintiff's motion to compel (Docket # 50) is DENIED IN PART and GRANTED IN PART.

SO ORDERED.

Enter for this 28th day of January, 2010.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge