UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ANTHONY C. MARTIN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NUMBER: 1:09-CV-48-TLS |
| FORT WAYNE POLICE DEPARTMENT, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Second Motion for Summary Judgment [ECF NO. 104], filed on October 5, 2010, by Defendant Fort Wayne Police Department, and a Motion to Seek Leave of Court to Amend Medical Records/Documents [ECF No. 111], filed on November 8 by the Plaintiff, who is proceeding pro se in this matter.

## PROCEDURAL BACKGROUND

In its August 23, 2010, Opinion and Order, the Court summarized the procedural background in this case, and the Court will not repeat that background here. In that Opinion and Order, the Court granted in part and denied in part the Defendants' Motion for Summary Judgment and Designation of Evidence [ECF No. 57]. The Court granted the Defendants' Motion as to the Plaintiff's Seventh Amendment (jury trial) and Eighth Amendment (cruel and unusual punishment) claims and the Plaintiff's state law claims against the Defendant Police Department, but denied the Motion as to the Plaintiff's Fourth Amendment claims (unlawful search and excessive force), the Plaintiff's claim for punitive damages, and the Plaintiff's state

law claims against the Defendant officers. The Court denied the Defendants' request, which they made in a footnote, that the Fort Wayne Police Department be dismissed as a Defendant because a municipal police department cannot be sued under 42 U.S.C. § 1983. In making this argument, the Defendants relied upon a 2004 "unpublished" Seventh Circuit order, *Averhart v. City of Chi.*, 114 Fed. Appx. 246, 247 (7th Cir. 2004), and *Sanders v. Town of Porter Police Dep't*, No. 2:05-CV-377, 2006 WL 2457251, at *3 (N.D. Ind. Aug. 22, 2006) (citing *Jones v. Bowman*, 694 F. Supp. 538, 544 (N.D. Ind. 1988) ("A city's police department is merely a vehicle through which the city government fulfills its policy functions and is not a proper party defendant.")). Mindful of the Plaintiff's status as a pro se litigant, the Court found that the Defendants had not provided sufficient authority in support of their argument or adequately addressed the status of the Fort Wayne Police Department as a person for purposes of § 1983 liability.[1]

The Court conducted telephonic status conferences on September 13 and 27 to address outstanding discovery issues in advance of trial. The Court granted leave to the Defendants to file a second summary judgment motion on the legal status of the Fort Wayne Police Department. The Court also set the following briefing schedule: the Defendants were to file any dispositive motion by October 13; the Plaintiff was to file any response by October 29; and the Defendants were to file any reply by November 9.

On October 5, the Defendant Police Department filed a Second Motion for Summary

---

[1] The Court explained that Circuit Rule 32.1(d) of the United States Court of Appeals for the Seventh Circuit restricts the use of unpublished orders. The Court was also reluctant to rely upon the *Sanders* opinion because it had relied upon a ruling in the *Jones* opinion that has been called into question by its author, Judge Miller, who has explained that *Jones* was decided before *McMillian v. Monroe County*, 520 U.S. 781 (1997), in which the Supreme Court concluded that § 1983 liability for local governments is analyzed under state law. *See Pitts v. Elkhart County*, No. 3:05-CV-38, 2007 WL 3256663, at *4 (N.D. Ind. Nov. 2, 2007).

Judgment [ECF No. 104] and a Memorandum of Law in Support [ECF No. 105]. Along with its Motion, the Defendant issued a Notice [ECF No. 106] that complies with Local Rule 56.1(e). On November 8, more than a week after the response deadline had passed, the Plaintiff filed a Response [ECF No. 110] and a Motion to Seek Leave of Court to Amend Medical Records/Documents [ECF No. 111]. On November 15, the Defendants filed a Response [ECF No. 112] to the Plaintiff's Motion to Seek Leave. On November 23, the Defendants filed a Reply [ECF No. 113] regarding their Second Motion for Summary Judgment.

## DISCUSSION

**A.     The Defendants' Second Motion for Summary Judgment [ECF NO. 104]**

In this civil action brought pursuant to 42 U.S.C. § 1983, the Plaintiff named the Fort Wayne Police Department (not the City of Fort Wayne) as a Defendant. The Defendant Police Department's Motion for Summary Judgment presents a legal question—whether the municipal police department is a person suable under § 1983. The Police Department argues that it is not and that it should be dismissed from this case as a matter of law.

Although the Plaintiff filed his Response after the deadline set by the Court, the Court will consider his arguments. In his Response, the Plaintiff argues that he has brought municipality/official policy claims that should go forward, that the Police Department's policies violate the Constitution, and that he will prove at trial that the municipality's training was not adequate and that the inadequate training was obvious to the official policy makers. The Plaintiff's arguments miss the point because they do not address the legal status of the Fort

3

Wayne Police Department under Indiana law, and none of his arguments shows that the Fort Wayne Police Department is a suable entity under Indiana law.

Under the Federal Rules of Civil Procedure, a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court in ruling on a summary judgment motion construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 609 (7th Cir. 2000). The Court also notes that the Plaintiff is proceeding pro se, and thus his filings are entitled to liberal construction and are "not held to the stringent standards expected of . . . lawyers." *McCormick v. City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000).

Section 1983 imposes liability on any "person" who, while acting under color of state law, deprives an individual of federally protected rights. 42 U.S.C. § 1983. Municipalities and other local government units are included among the persons to whom § 1983 liability applies. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) (holding that a local government is liable under § 1983 for its policies that cause constitutional deprivations). In *McMillian v. Monroe County*, 520 U.S. 781, 786 (1997), the Supreme Court instructed that local government liability under § 1983 "is dependent on an analysis of state law."

In support of its argument, the Defendant Police Department cites a list of federal precedents. Some of these precedents must be distinguished from this case because they involve sheriff's departments, which are separate legal entities from the counties under Indiana law. *See*

4

*Argandona v. Lake County Sheriff's Dep't*, No. 2:06-CV-259, 2007 WL 518799, at *3–5 (N.D. Ind. Feb. 13, 2007) (providing a comprehensive discussion of the legal status of a sheriff in Indiana as a separate municipal entity subject to suit under § 1983). Others are questionable because they rely upon *Jones v. Bowman*, which has been called into question, as noted earlier in this Opinion. Some of the cited precedents rely upon precedent from other states, and others rely upon Seventh Circuit cases that were decided before the Supreme Court issued its opinion in *McMillian* and did not specifically examine Indiana law. Considering the Supreme Court's instruction in *McMillian*, the Court will look to Indiana law to determine whether the Fort Wayne Police Department has a legal existence separate and apart from the City of Fort Wayne and whether the Defendant Police Department is suable under § 1983.

Under Indiana law, a "municipal corporation" is a "unit, . . . or other separate local governmental entity that may sue and be sued." Ind. Code § 36-1-2-10. A "municipality" is a "city or town," Ind. Code § 36-1-2-11, and "'unit' means county, municipality, or township," Ind. Code § 36-1-2-23. Indiana law provides that a "city legislative body shall, by ordinance passed upon the recommendation of the city executive, establish the executive departments that it considers necessary to efficiently perform the administrative functions required to fulfill the needs of the city's citizens." Ind. Code § 36-4-9-4(a). "The head of each city department or agency is under the jurisdiction of the executive." Ind. Code § 36-4-9-4(b). Among the departments that Indiana law authorizes cities to establish is a department of public safety. Ind. Code § 36-4-9-4(c)(1). Pursuant to Indiana Code § 36-4-9-4, the City of Fort Wayne established executive divisions of the city, including the Division of Public Safety, which is headed by the

5

Director of Public Safety and is responsible for the activities of the police department, the fire department, emergency medical services, animal control, and communications of the city. Fort Wayne, Ind. Code of Ordinances § 30.01(A)(2). The Court has found no provision of the Indiana Constitution that establishes a municipal chief of police as an independently elected official or a municipal police department as a separate legal entity. To the contrary, the city executive (i.e., the mayor) appoints the chief of the police department under Indiana law. *See* Ind. Code § 36-4-9-6(b)(5). Likewise, the Court has found no Indiana statute that grants a municipal police department the capacity to sue or be sued.

For these reasons, the Court finds, under Indiana law, that the Fort Wayne Police Department has no separate legal existence apart from the City of Fort Wayne, that the Police Department is a division or arm of the municipality, and that the Fort Wayne Police Department is not a suable entity under § 1983.[2] Accordingly, the Court will grant the Defendant Police Department's Second Motion for Summary Judgment.

B.  **The Plaintiff's Motion to Seek Leave of Court to Amend Medical Records/Documents [ECF No. 111]**

Along with his Response to the Defendant Police Department's Motion for Summary Judgment, the Plaintiff filed a Motion seeking leave to amend medical records/documents filed with the Court. His Motion references Federal Rule of Civil Procedure 15(a), but that rule relates to the amendment of pleadings, not the submission of evidence. It is not clear whether the

---

[2] The Court's ruling that the Fort Wayne Police Department is not a suable entity under § 1983 because it has no legal existence separate and distinct from the City of Fort Wayne is in agreement with the precedents cited by the Defendant, but the Court's reasoning here is grounded in its analysis of Indiana law.

Plaintiff intended that these medical records be considered as part of his Response to the Defendant Police Department's Motion for Summary Judgment or as evidence of damages related to his claims against the Defendant officers. To the extent that the Plaintiff submitted these records in opposition to the pending summary motion, the Court finds that they are not relevant to the legal question presented in the Defendant Police Department's Motion for Summary Judgment. To the extent that the Plaintiff offers these records as evidence of damages, the Plaintiff's submission is premature. Accordingly, the Court will deny without prejudice the Plaintiff's Motion to Seek Leave.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Fort Wayne Police Department's Second Motion for Summary Judgment [ECF NO. 104] and ORDERS the Clerk of this Court to DISMISS WITH PREJUDICE Defendant Fort Wayne Police Department from this case. The Plaintiff's Fourth Amendment claims (unlawful search and excessive force), claim for punitive damages, and state law claims against the Defendant officers remain pending. The Court DENIES WITHOUT PREJUDICE the Plaintiff's Motion to Seek Leave of Court to Amend Medical Records/Documents [ECF No. 111].

SO ORDERED on November 23, 2010.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT